UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DOWNS LAW GROUP, P.A.<br><br>*Plaintiff,*<br><br>v.<br><br>NATIONAL INSTITUTE FOR OCCUPATIONAL SAFETY AND HEALTH<br><br>*Defendant.* | Civil Action No. 23-143 (ABJ) |

**AMENDED COMPLAINT**

1. Plaintiff The Downs Law Group, P.A., ("Plaintiff") brings this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, judicial review against Defendant National Institute for Occupational Safety and Health ("NIOSH" or "Defendant") to compel Defendant to release responsive records concerning Plaintiff's request on January 17, 2022. Defendant has violated FOIA by failing to issue a determination within the statutory period, by failing to conduct a reasonable search, by failing to release the responsive, non-exempt records, and by failing to decide Plaintiff's administrative appeal within the statutory period.

**PARTIES**

2. Plaintiff The Downs Law Group, P.A. ("Downs Law Group") is a Florida professional association whose principal place of business is in Florida and located at 3250 Mary Street, Suite 307, Coconut Grove, Florida 33133.

3. Defendant National Institute of Occupational Safety and Health ("NIOSH" or

"Defendant") is an agency of the United States government and an agency within the meaning of 5 U.S.C. § 552(f)(1). Defendant has custody and control over the records the Plaintiff seeks to have made publicly available under 5 U.S.C. § 552(a)(2).

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant 5 U.S.C. §§ 552(a)(4)(B) and (a)(6)(C)(i). Jurisdiction is also appropriate here pursuant 28 U.S.C. § 1331 because the action presents a federal question arising under FOIA.

5. The venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. This Court has jurisdiction to grant relief pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. §§ 2201-2202, and Federal Rules of Civil Procedure 57 and 65.

## PLAINTIFF'S JANUARY 2022 FOIA REQUEST

7. On January 17, 2022, Plaintiff submitted a request ("Request") to Defendant seeking records related to the agency's document *Medical Pre-Placement Evaluation for Workers engaged in the Deepwater Horizon Response* ("Document"). Ex. 1.

8. The Request sought records created between April 20, 2010 and April 30, 2011. *Id*. at 1. Specifically, the Request sought disclosure of records, including communications, detailing the Document's creation, enforcement of recommendations contained within the Document, and implementation of those recommendations either through an official program or other procedural steps. *Id*. The Request further sought records, including communications, related to the health and well-being of workers starting with their initial evaluations, any recommendations provided to the workers based on their evaluations, ongoing biological monitoring, and any subsequent follow-up evaluations. *Id*. at 1-2.

9. The Plaintiff requested expedited processing on the grounds the information was urgently needed to inform the public of the human health impacts of the Deepwater Horizon Oil Spill ("DHOS").

10. On January 18, 2022, Plaintiff received an acknowledgment of receipt email notification from Defendant. The letter included the tracking number assigned to the Request–FOIA No. 22-00731-FOIA. Ex. 2.

11. On January 19, 2022, Defendant sent a letter assigning the Request to the "complex processing queue" and declared "unusual circumstances." Ex. 3. This declaration allowed Defendant 30 working days to respond to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(II)(aa). These 30 working days expired on March 3, 2022. This letter also denied Plaintiff's request for expedited processing. Ex. 3.

12. On March 10, 2022, Plaintiff sent a follow-up email demanding an estimated completion date and an estimated cost. Ex. 4.

13. On March 14, 2022, Defendant responded with a letter stating a search was underway, and further stating, "[w]e are unable to give you an exact timeframe for completion of your request." Ex. 5. The letter contained no information regarding the cost. *Id*.

14. On April 29, 2022, Plaintiff sent a follow-up email demanding an estimated completion date and an estimated cost. Ex. 6. Defendant responded later that day stating the Request was undergoing final review with an estimated completion date of May 27, 2022. Ex. 7.

15. On May 31, 2022, Plaintiff sent a follow-up email to confirm the status of the documents having not received either the documents or an update on the final review's status. Ex. 8.

16. On June 2, 2022, Defendant responded to Plaintiff's email stating a response was anticipated "before the end of next week." Ex. 9.

17. On June 7, 2022, Defendant sent a letter stating it had located 722 pages of responsive records. Ex. 10 at 2. Defendant withheld 167 pages in full, withheld 153 pages in part, and released the remaining pages in full. *Id*. The withholdings were justified under Exemptions 4, 5, and 6. *Id*. Finally, the Defendant assessed a $92.00 fee. *Id*.

## APPEAL OF RESPONSE TO REQUEST

18. On August 4, 2022, Plaintiff timely appealed Defendant's June 7, 2022 response to the Request ("Appeal"). Ex. 11. Plaintiff specifically appealed the adequacy of Defendant's search for responsive records pursuant to the requirements under 5 U.S.C. § 552(a)(3), and Defendant's improper application of 5 U.S.C. § 552(b)(4), (b)(5), and (b)(6). *Id*. at 3-9.

19. On August 11, 2022, the Appeal was assigned tracking number 2022-00222-A-PHS. Ex. 12 at 1. In its letter to Plaintiff, Defendant stated the Appeal "falls under 'unusual circumstances' in that our office will need to consult with another office or agency that has substantial interest in the determination of the appeal." *Id*. at 2. Defendant also informed Plaintiff appeals are handled on a "first-in, first-out basis in relation to other open appeals in the processing queue," which at the time included "approximately 450 open appeals." *Id*. The letter contained no information on where the Appeal stood in this list or any timeframe on when it may be addressed. *Id*.

20. On October 14, 2022, sixty-four calendar days and forty-four working days after Defendant acknowledged receipt of the Appeal, Plaintiff sent a follow-up email requesting an update on when a response may be expected or if there was any additional

information on the Appeal. Ex. 13. Plaintiff did not receive a reply from Defendant.

21. On December 9, 2022, one hundred and twenty calendar days and eighty working days after Defendant acknowledged receipt of the Appeal, Plaintiff sent another follow-up email requesting an update on the Appeal. Ex. 14. Defendant replied on December 12, 2022, stating there are "376 appeals older than this one" and there was not a "good estimate" on when the Appeal would potentially be addressed. Ex. 15 at 1.

**PLAINTIFF HAS CONSTRUCTIVELY EXHAUSTED ITS ADMINISTRATIVE REMEDIES**

22. Paragraphs 1-21 above are hereby incorporated by reference as if set forth fully herein.

23. It has been over one hundred and fifty calendar days and one hundred working days since Defendant acknowledged receipt of Plaintiff's Appeal. Ex. 12.

24. Defendant's failure to make a determination on Plaintiff's Appeal within the statutory limit set forth in 5 U.S.C. § 552(a)(6)(A)(ii) violates FOIA.

25. Plaintiff has constructively exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

**COUNT I – DEFENDANT'S FAILURE TO ISSUE A DETERMINATION WITHIN THE STATUTORY PERIOD**

26. Paragraphs 1-25 above are hereby incorporated by reference as if set forth fully herein.

27. The Request and Appeal seek the disclosure of agency records and were properly made pursuant to 5 U.S.C. § 552(a)(3)(A).

28. NIOSH is a federal agency subject to FOIA. 5 U.S.C. § 552(f)(1).

29. Included within the scope of the Request and Appeal are one or more records, or portions thereof, that are not exempt under FOIA.

30. Defendant's failure to make a determination on Plaintiff's Request and Appeal within the statutory limit set forth in 5 U.S.C. § 552(a)(6)(A)(ii) violates FOIA.

31. Plaintiff has constructively exhausted the applicable administrative remedies with respect to both the Request and Appeal. 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT II – DEFENDANT'S FAILURE TO CONDUCT A REASONABLE SEARCH

32. Paragraphs 1-25 above are hereby incorporated by reference as if set forth fully herein.

33. The Request and Appeal seek the disclosure of agency records and were properly made pursuant to 5 U.S.C. § 552(a)(3)(A).

34. Defendant is a federal agency subject to FOIA. 5 U.S.C. § 552(f)(1).

35. Defendant has violated and continues to violate FOIA by failing to conduct a reasonable search for records responsive to the Request and Appeal.

## COUNT III – DEFENDANT'S FAILURE TO RELEASE RECORDS

36. Paragraphs 1-25 above are hereby incorporated by reference as if set forth fully herein.

37. The Request and Appeal seek the disclosure of agency records and were properly made pursuant to 5 U.S.C. § 552(a)(3)(A).

38. Defendant is a federal agency subject to FOIA. 5 U.S.C. § 552(f)(1).

39. Included within the scope of the Request and Appeal are one or more records, or portions thereof, that are not exempt under 5 U.S.C. § 552(b) of FOIA.

40. Defendant has failed to release records responsive to the Request and Appeal.

## COUNT IV – DEFENDANT'S IMPROPER APPLICATION OF FOIA'S EXEMPTIONS FOUR, FIVE, AND SIX

41. Paragraphs 1-25 above are hereby incorporated by reference as if set forth fully herein.

42. The Request and Appeal seek the disclosure of agency records and were properly made

pursuant to 5 U.S.C. § 552(a)(3)(A).

43. Defendant is a federal agency subject to FOIA. 5 U.S.C. § 552(f)(1).

44. Included within the scope of the Request and Appeal are one or more records, or portions thereof, that are not exempt under 5 U.S.C. § 552(b) of FOIA but which have been improperly classified as such. *See* Ex. 11 at 3-9.

45. Defendant has failed to release records responsive to the Request and Appeal.

**WHEREFORE**, Plaintiff asks this Honorable Court to:

I. order Defendant to conduct a reasonable search for records;

II. order Defendant to promptly release all non-exempt responsive records, or portions of records;

III. enjoin Defendant from withholding non-exempt public records under FOIA;

IV. award attorneys' fees and costs; and,

V. award such other relief this Honorable Court deems appropriate.

Dated: February 24, 2023

RESPECTFULLY SUBMITTED,

/s/ C. Peter Sorenson
C. Peter Sorenson, DC Bar #438089 Sorenson Law Office
PO Box 10836
Eugene, OR 97440
(541) 606-9173
peter@sorensonfoialaw.com
*Attorney for Plaintiff*