UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DOWNS LAW GROUP, P.A., <br><br> *Plaintiff,* <br><br> v. <br><br> NATIONAL INSTITUTE FOR OCCUPATIONAL SAFETY AND HEALTH, <br><br> *Defendant.* | Civil Action No. 23-0143 (ABJ) |

## ANSWER

Defendant National Institute for Occupational Safety and Health, by and through undersigned counsel, respectfully submits the following answer to Plaintiff's Amended Complaint filed on February 24, 2023 (ECF No. 3).

## RESPONSES

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below.  To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant responds to the Complaint in like numbered paragraphs as follows:

## AMENDED COMPLAINT[1]

1. This paragraph consists of conclusions of law and Plaintiff's characterization of the action it brings to which no response is required. Defendant denies violating the law.

## PARTIES

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

3. Defendant admits that it is located at 395 East Street SW, Suite 9200, Washington, DC 20201. The remainder of this paragraph consists of conclusions of law to which no response is required. Defendant avers that it is a component within the Centers for Disease Control and Prevention ("CDC"), which itself is a component of the U.S. Department of Health and Human Services.

## JURISDICTION AND VENUE

4. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that the Court has jurisdiction over this matter subject to the terms and limitations of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

5. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this judicial district.

6. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that the Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

---

[1] For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## PLAINTIFF'S JANUARY 2022 FOIA REQUEST

7. Defendant denies that Plaintiff sent the FOIA request at issue to Defendant; Defendant avers that Plaintiff sent a FOIA request to the Centers for Disease Control and Agency for Toxic Substances and Disease Registry ("CDC/ATSDR")," dated January 17, 2022. The remaining allegations in this paragraph pertain to Plaintiff's FOIA request, which speaks for itself. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

8. Defendant admits that Plaintiff's FOIA request sought records created between April 20, 2010, and April 30, 2011. As to the remaining allegations in this paragraph, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

9. Defendant admits that Plaintiff requested expedited processing on the grounds so stated. Defendant denies that expedited processing was needed on these purported grounds or any other.

10. Defendant denies that it sent an acknowledgement of receipt email notification. Defendant admits that there was an automatic response sent via CDC/ATSDR's FOIA Express system on January 18, 2022, and avers that CDC/ATSDR sent an acknowledgment letter on January 19, 2022. As to the remaining allegations, Defendant refers the Court to the referenced exhibit for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent therewith.

11. Defendant denies that it sent a letter to Plaintiff on January 19, 2022. Defendant admits that CDC/ATSDR sent a letter to Plaintiff on January 19, 2022, assigning Plaintiff's FOIA request to the "complex processing queue" and declaring "unusual circumstances." As to the

remaining allegations, Defendant refers the Court to the acknowledgment letter for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of that letter.

12. Defendant admits the allegations in this paragraph.

13. Defendant denies that it sent a letter to Plaintiff on March 14, 2022. Defendant avers that CTC/ATDSR sent Plaintiff the letter referenced in this paragraph and otherwise admits the allegations in this paragraph.

14. Defendant denies that it responded to Plaintiff on April 29, 2022. Defendant avers that CTC/ATSDR sent the response referenced in this paragraph and otherwise admits the allegations in this paragraph.

15. Defendant admits the allegations in this paragraph.

16. Defendant denies that it responded to Plaintiff on June 2, 2022. Defendant avers that CTC/ATSDR sent the response referenced in this paragraph and otherwise admits the allegations in this paragraph.

17. Defendant denies that it sent the letter referenced in this paragraph or took the actions referenced in this paragraph. Defendant avers that CDC/ATSDR sent the letter referenced in this paragraph, stating that it had located 722 pages of responsive records. Defendant avers that CDC/ATSDR withheld 167 pages in full, released 308 pages in full, and released 247 pages in part. Defendant admits that the letter stated that certain withholdings were made pursuant to Exemption 4, Exemption 5, and/or Exemption 6, as described in greater detail within that letter. Defendant admits that CTC/ATSDR assessed a $92.00 fee.

**APPEAL OF RESPONSE TO REQUEST**

18. Defendant denies that it issued the June 7, 2022 response referenced in this paragraph or took the actions referenced herein. Defendant admits that on August 4, 2022, Plaintiff

appealed CDC/ATSDR's final response of June 7, 2022.  As to the remainder of the allegations in this paragraph, they consist of conclusions of law to which no response is required.

19.     Defendant admits that on August 4, 2022, the Appeal was assigned tracking number 2022-00222-A-PHS, and admits the contents of the communication sent to Plaintiff, but avers that this response was sent by the Office of the Secretary Freedom of Information and Privacy Acts Division, (OS-FOIA), and not by Defendant.

20.     Defendant admits the allegations in this paragraph, with the caveat that Defendant avers that this communication took place with OS-FOIA, and not Defendant.

21.     Defendant admits the allegations in this paragraph, with the caveat that this communication took place with OS-FOIA, and not Defendant.

**PLAINTIFF HAS CONSTRUCTIVELY EXHAUSTED ITS ADMINISTRATIVE REMEDIES**

22.     Defendant incorporates by reference its responses set forth above.

23.     Defendant denies that it acknowledged receipt of Plaintiff's Appeal.  Defendant admits that it has been over 150 calendar days and 100 working days since OS-FOIA acknowledged receipt of Plaintiff's Appeal.

24.     This paragraph consists of conclusions of law to which no response is required.

25.     This paragraph consists of conclusions of law to which no response is required.

**COUNT I**
**DEFENDANT'S FAILURE TO ISSUE A DETERMINATION WITHIN THE STATUTORY PERIOD**

26.     Defendant incorporates by reference its responses set forth above.

27.     This paragraph consists of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

28.     This paragraph consists of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

29. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

30. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

31. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## COUNT II
## DEFENDANT'S FAILURE TO INCORPORATE A REASONABLE SEARCH

32. Defendant incorporates by reference its responses to paragraphs 1–25 set forth above.

33. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

34. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

35. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## COUNT III
## DEFENDANT'S FAILURE TO RELEASE RECORDS

36. Defendant incorporates by reference its responses to paragraphs 1–25 set forth above.

37. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

38. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

39. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

40. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## COUNT IV
## DEFENDANT'S IMPROPER APPLICATION OF FOIA'S EXEMPTIONS FOUR, FIVE, AND SIX

41. Defendant incorporates by reference its responses to paragraphs 1–25 set forth above.

42. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

43. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

44. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

45. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

The allegations following the "Wherefore" clause of Plaintiff's Amended Complaint constitute Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

In further response to the Amended Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses

contained in this Answer as the facts and circumstances giving rise to the Amended Complaint become known to Defendant throughout the course of this litigation.

### First Defense

Defendant is not a proper party to this litigation.

### Second Defense

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

### Third Defense

Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

### Fourth Defense

Plaintiff is not entitled to compel the release of records exempt from disclosure under FOIA. *See* 5 U.S.C. § 552(b).

### Fifth Defense

Plaintiff is not entitled to attorney's fees or costs.

\* \* \*

Dated: March 10, 2023						Respectfully submitted,

									MATTHEW M. GRAVES, D.C. Bar No. 481052
									United States Attorney

									BRIAN P. HUDAK
									Chief, Civil Division

						By:		/s/ *Douglas C. Dreier*
									DOUGLAS C. DREIER, D.C. Bar No. 1020234
									Assistant United States Attorney – Civil Division
									U.S. Attorney's Office for the District of Columbia
									601 D Street, N.W.
									Washington, D.C.  20530
									(202) 252-2551
									douglas.dreier@usdoj.gov

									*Counsel for the United States of America*